**Larry R. PROPOTNIK, Appellant,**

v.

**L. R. PUTMAN, Warden, F.C.I.
Sandstone, Minnesota, Appellee.**

No. 76–1008.

United States Court of Appeals,
Eighth Circuit.

Submitted June 18, 1976.

Decided July 30, 1976.

John S. Connolly, St. Paul, Minn., for appellant.

Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Robert G. Renner, U. S. Atty., Minneapolis, Minn., on brief.

Before GIBSON, Chief Judge, and LAY and WEBSTER, Circuit Judges.

PER CURIAM.

Larry R. Propotnik appeals from the dismissal of his habeas corpus petition for lack of personal jurisdiction. We affirm.

Propotnik was convicted in 1973 in the United States District Court for the District of North Dakota of a firearms violation and was sentenced to a term of three years in prison. He was incarcerated in the federal prison at Sandstone, Minnesota. On May 2, 1975, he mailed a petition to the United States District Court for the District of Minnesota. This petition, entitled a "Motion for Order to Restore Forfeited Remission", sought restoration of 188 days of good time which had been ordered forfeited by prison authorities at Sandstone. The Clerk of the District Court, construing the motion as a habeas corpus petition, returned the motion to Propotnik with the instruction that the petition must be submitted on a form adopted by the District of Minnesota for use by all pro se petitioners seeking habeas corpus relief. On May 5, 1975, prior to having filed a form petition, Propotnik was transferred to the federal prison at Leavenworth, Kansas.

Propotnik thereafter attacked the order of forfeiture at the administrative level and was temporarily successful. On October 15, 1975, the Bureau of Prisons vacated the order of forfeiture because the hearings preceding that order were procedurally inadequate. On October 31, 1975, however, after a new hearing, prison authorities at Leavenworth ordered that Propotnik's 188 good time days be again forfeited.

Subsequent to the second forfeiture, Propotnik, still incarcerated at Leavenworth, filed the petition now before us on appeal. He named as respondent the warden of the Sandstone, Minnesota, prison. In his petition, he alleged both that he had been transferred from Sandstone to Leavenworth and that his good time had been forfeited in violation of his right to due process of law. The District Court[1] dismissed the petition for lack of jurisdiction, because neither petitioner nor his present custodian was within the territorial jurisdiction of the court.

1. The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota.

We affirm the dismissal. Jurisdiction under 28 U.S.C. § 2241 lies either in the district of actual physical confinement or in the district where a custodian responsible for the confinement is present. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495, 93 S.Ct. 123, 35 L.Ed.2d 443 (1973); *McCoy v. United States Board of Parole*, 537 F.2d 962, 964, No. 75–1804 (8th Cir., June 14, 1976), slip op. at 4; *Lee v. United States*, 501 F.2d 494, 501 (8th Cir. 1974). Neither alternative is applicable here. Propotnik is physically confined in another district. Furthermore, the respondent in this action, while at one time responsible for Propotnik's confinement, was not, at the time the petition was filed, and is not now his custodian.

Propotnik argues that the District Court had jurisdiction to grant the writ of habeas corpus on the basis of the "Motion for Order to Restore Forfeited Remission" which he had attempted to file prior to his transfer to Leavenworth. In so arguing, he invokes the rule that a court does not lose jurisdiction when a habeas corpus petitioner is transferred out of the court's jurisdiction after the petition is filed. *McCoy v. United States Board of Parole, supra*, at 966 slip op. at 8; *Harris v. Ciccone*, 417 F.2d 479, 480 n.1 (8th Cir. 1969), *cert. denied*, 397 U.S. 1078, 90 S.Ct. 1528, 25 L.Ed.2d 813 (1970); *Holland v. Ciccone*, 386 F.2d 825, 827 (8th Cir. 1967), *cert. denied*, 390 U.S. 1045, 88 S.Ct. 1646, 20 L.Ed.2d 307 (1968). *Cf. Ex Parte Endo*, 323 U.S. 283, 304–07, 65 S.Ct. 208, 89 L.Ed. 243 (1944).

Propotnik's argument is without merit. Even had he filed a proper habeas corpus petition on May 2, 1975, the claim made in that petition—that the forfeiture of his good time days was illegal—became moot when the Bureau of Prisons vacated that forfeiture on October 15, 1975. The claims made by Propotnik in the petition presently before us, which relate to his transfer and to the second order of forfeiture, arose after the May 2, 1975, motion.

The District Court properly dismissed the petition. The dismissal is of course without prejudice to Propotnik's right to refile his petition in the District of Kansas naming as respondent the warden of the Leavenworth prison.

Affirmed.