Theodore G. FORE, Movant,

v.

UNITED STATES of America, Respondent.

No. CIV-2-77-121.

United States District Court, E. D. Tennessee, Northeastern Division.

Aug. 10, 1977.

Theodore G. Fore, pro se.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ The movant Mr. Theodore G. Fore, a prisoner in custody under sentences of July 6, 1968 of this Court in *United States of America*, plaintiff, *v. George Martin Monroe, et al.,* defendants, criminal actions nos. 6958, 6961, this district and division, claims the right to be released immediately, on the ground that he has fully' served the sentences imposed. Thus, it is evident that this action cannot be maintained under the provisions of 28 U.S.C. § 2255, which is applicable only when a federal prisoner attacks a sentence itself

> * * * upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack * * *.

*Idem.*

It was reported and recommended by a United States magistrate of this district on July 28, 1977 that this Court dismiss such motion, treated as an application for the

writ of habeas corpus, 28 U.S.C. § 2241(a),[1] because Mr. Fore alleged he is presently in the custody of the official in-charge of the Montgomery County, Maryland, Detainer Center, within another territorial jurisdiction; and that this Court has territorial jurisdiction of neither the aforenamed prisoner nor his custodian. Mr. Fore served and filed no timely written objection to such report and recommendation, and such recommendation hereby is ACCEPTED. 28 U.S.C. § 636(b)(1).

■ " * * * [T]he language of [28 U.S.C.] § 2241(a) requires nothing more than that the [C]ourt issuing the writ have jurisdiction over the custodian [of a prisoner]. So long as the custodian can be reached by service of process, the [C]ourt can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the [C]ourt for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the [C]ourt's territorial jurisdiction. * * * " *Braden v. Judicial Circuit Court of Kentucky* (1973), 410 U.S. 484, 495, 93 S.Ct. 1123, 1130, 35 L.Ed.2d 443, 452–453[6]. But where, as here, both (1) the district of actual physical confinement, and (2) the district where the custodian responsible for that confinement is present, is not the district wherein the application for the writ of habeas corpus is sought by the prisoner, the latter district court lacks territorial jurisdiction to consider the application for the writ. *Propotnik v. Putman* C.A. 8th (1976), 538 F.2d 806, 807; *Lee v. United States,* C.A. 8th (1974), 501 F.2d 494, 500–501[8].

For want of jurisdiction in this district[2] of the necessary party, the petitioner Mr. Theodore G. Fore hereby is DENIED all relief, Rule 58(1), Federal Rules of Civil Procedure, without prejudice to his applying similarly to the United States District Court for the District of Maryland, 28 U.S.C. § 100.

1. The title hereof, accordingly, hereby is AMENDED, so as to read: THEODORE G. FORE, petitioner, v. OFFICIAL IN–CHARGE, MONTGOMERY COUNTY, MARYLAND, DETENTION CENTER, respondent.

2. This lack of jurisdiction renders MOOT the petitioner's application to this Court of July 31, 1977 for the appointment of counsel to advise him.