Lewis P. BLAU, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 77–2372

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 19, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**527**

George E. Gilkerson, Lubbock, Tex., for plaintiff-appellant.

Gerhard Kleinschmidt, Asst. U. S. Atty., Kenneth J. Mighell, U. S. Atty., Ft. Worth, Tex., for defendant-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Lewis P. Blau pleaded guilty to the misapplication of bank funds in violation of 18 U.S.C. § 656, and was sentenced, on December 16, 1975, to a term of thirty months' imprisonment. A motion for reduction of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure, was subsequently denied by the district court. After completion of approximately nine months of the term, Blau was advised by the United States Parole Commission that he would not be granted release on parole, and that his case would be continued until expiration of the term.

On March 18, 1977, a "motion to correct sentence" pursuant to 28 U.S.C. § 2255 was filed by Blau in the district court. Blau contended that the district court had been unaware of the Parole Commission guidelines at the time that it had imposed sentence upon him. Relief was denied by the district court which held not only that it had been aware of the Parole Commission guidelines at the time of sentencing, but also that the sentence as pronounced was the intention of the court. This appeal followed.

In *United States v. Kent*, 5 Cir. 1977, 563 F.2d 239, we held the district court had been without jurisdiction to entertain a § 2255 motion which sought to challenge an alleged misapprehension on the part of the sentencing court concerning the Parole Commission guidelines where the applicability of such guidelines should have been known to bench and bar. *Id.* at p. 241. We further held that there can be no basis for resentencing where the prisoner has received meaningful consideration for parole at least upon completion of one third of his sentence. *Id.* at 241. The decision in *Kent* is most applicable to the case at bar, especially in view of the sentencing judge's statement that he had been aware of the guidelines at the time of sentencing, and also that the sentence as pronounced was, in fact, the intention of the court. As we stated in *Kent*:

n the circumstances of this case we hold that the district court was without jurisdiction to entertain [the] § 2255 motion. To hold otherwise would allow the sentencing judge to second-guess the parole commission and would thwart congressional intent (and the intent of the sentencing judge himself in this case) to place the parole decision in the hands of the Parole Commission.

*Id.* at 242.

The district court treated Blau's § 2255 motion also as a petition for a writ of habeas corpus. Under 28 U.S.C. § 2241, the writ can be sought by a federal prisoner only from a district court with jurisdiction either over the prisoner or his custodian. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). The record indicates that Blau is confined at the Federal Penitentiary located at El Reno, Oklahoma. Thus, the district court lacked jurisdiction to consider any request from Blau for habeas corpus relief.

Although Blau did not present the issue below, he seeks to contest the denial of parole. We note that a petition for

habeas corpus pursuant to 28 U.S.C. § 2241, rather than a § 2255 motion, is the proper vehicle to review a decision by the Parole Commission.

In conclusion, we hold that the district court was without jurisdiction to entertain either the § 2255 motion or the petition for habeas corpus relief. We therefore vacate the judgment of the district court and remand the matter with instructions to dismiss for lack of jurisdiction.