UNITED STATES of America, Plaintiff,

v.

John Henry WAGNER, Defendant.

No. 67–Cr–48.

United States District Court,
E. D. Wisconsin.

Sept. 5, 1978.

John Henry Wagner, pro se.

Joan F. Kessler, U. S. Atty. by James M. Fergal, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the motion of the petitioner, pursuant to 28 U.S.C. § 2255, to set aside the sentence imposed on him in 1967, following his conviction for bank robbery.

The petitioner contends that the two felony convictions he received as an adult, one for forgery in 1957, and the second in 1964 for interstate transportation of a stolen vehicle and violation of the Federal Firearms Act, were obtained in an unconstitutional manner in that he was unrepresented by counsel as required by *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the Supreme Court held that where a federal district judge gave consideration to the defendant's previous convictions in imposing sentence, and those previous convictions were obtained in violation of *Gideon v. Wainwright*, supra, the sentence should be vacated and reconsidered.

The petitioner has made two claims in this case. First, that the two allegedly unconstitutional convictions were considered by this court when the petitioner was originally sentenced in 1967. Second, that these convictions were improperly considered by the petitioner's parole board. I will deal with each of these claims separately.

In *Crovedi v. United States*, 517 F.2d 541, 544 (7th Cir. 1975), the court prescribed the following procedures for cases in which a prisoner moves that his sentence be set aside because allegedly unconstitutional convictions were used to enhance that sentence:

"The district court should review the records involved in the conviction claimed to have been enhanced and in so doing should assume the prior convictions to be invalid. The district court without regard to these convictions should determine whether the sentence given in the present conviction was appropriate. If so

an order should be entered to that effect. If, however, without regard to the prior convictions, the sentence given would have been inappropriate, then a hearing should be held to allow the defendant to present evidence on his claim that the prior convictions were unconstitutional under *Gideon*. If the district court is convinced of the validity of the claim after such a hearing, then resentencing should follow."

In the case at bar, I believe that I considered the allegedly unconstitutional convictions at the time of sentencing. I cannot say that the sentence imposed would have been appropriate if the petitioner's only two previous felony convictions had been disregarded. Therefore, pursuant to *Crovedi*, the petitioner should be granted an opportunity to substantiate his contention that his two previous convictions were unconstitutional. If there is reason to believe that such convictions were improper under *Gideon*, a hearing will be scheduled.

Turning now to the petitioner's claims that his parole board improperly considered the two alleged unconstitutional convictions, I believe that this claim should be dismissed for lack of jurisdiction in this court. It is well established that 28 U.S.C. § 2255 provides a sentencing court with jurisdiction over claims arising from imposition of the sentence but that the statute does not provide jurisdiction over most claims attacking decisions of a parole board. *Blau v. United States*, 566 F.2d 526 (5th Cir. 1978); *Wright v. United States Bd. of Parole*, 557 F.2d 74 (6th Cir. 1977); *United States v. McBride*, 560 F.2d 7 (1st Cir. 1977); *Andrino v. United States Bd. of Parole*, 550 F.2d 519 (9th Cir. 1977). Judicial review of parole decisions may be obtained under 28 U.S.C. § 2241. *Blau v. United States*, supra; *Wright v. United States Bd. of Parole*, supra; *Andrino v. United States Bd. of Parole*, supra.

Under 28 U.S.C. § 2241, relief can be sought by a federal prisoner only from a district court with jurisdiction either over the prisoner or his custodian. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 93

S.Ct. 1123, 35 L.Ed.2d 443 (1973). In the case at bar, the record indicates that the petitioner is presently confined at the federal penitentiary at Sandstone, Minnesota. Thus, it is the district court of Minnesota rather than this court that would have jurisdiction over the petitioner's claim were he to bring it pursuant to 28 U.S.C. § 2241.

Since this court lacks jurisdiction over the petitioner's claim against the parole board under either 28 U.S.C. § 2255 or § 2241, that claim will be dismissed.

Therefore, IT IS ORDERED that the petitioner will have thirty days following the date of this decision in which to submit materials or arguments, in writing, in support of his contention that two of his previous convictions were unconstitutional. The United States will have fourteen days thereafter to respond thereto. The petitioner will then have ten days to reply to the government's response.

IT IS ALSO ORDERED that the petitioner's claims against his parole board be and hereby are dismissed.