**Jack RHEUARK, Appellant,**

v.

**Henry WADE and Mark White, Attorney General, Appellees.**

**No. 79–1422.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 22, 1979.

Decided Oct. 29, 1979.

Meredith P. Catlett, Friday, Eldredge & Clark, Little Rock, Ark., for appellant.

Charles J. Baldree, Asst. Dist. Atty., Dallas, Tex., for appellee Wade.

Mark White, Atty. Gen., John W. Fainter, Jr., 1st Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., W. Barton Boling, Asst. Atty. Gen., Austin, Tex., for appellee White.

Before LAY, BRIGHT and STEPHEN-SON, Circuit Judges.

PER CURIAM.

Jack Rheuark appeals from the dismissal of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. We affirm.

In 1975 Rheuark was convicted and sentenced in Texas for armed robbery. He is presently incarcerated in the Ellis Unit of the Texas Department of Corrections. In May 1979 Rheuark was brought to Arkansas in the custody of a United States Marshal to appear as a witness in a civil case in the Eastern District of Arkansas. While in Arkansas, Rheuark filed this pro se petition challenging his Texas armed robbery conviction. He named as respondents Henry Wade, Criminal District Attorney for Dallas County, Texas, and Mark White, Attorney General for the State of Texas. On May 15, 1979, the United States District Court for the Eastern District of Arkansas dismissed his petition for lack of jurisdiction after findings and conclusions made in open court.[1] Rheuark was subsequently returned to Texas.

Rheuark, now represented by counsel,[2] argues that the district court should not have dismissed his petition because even though the United States Marshal was not sued the court had jurisdiction over him as a proper custodian. He further argues that his return to Texas did not defeat that jurisdiction.

The writ of habeas corpus acts upon the person holding the petitioner in what is alleged to be the unlawful custody. *See Braden v. Circuit Court of Kentucky,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *McCoy v. United States Board of Parole,* 537 F.2d 962, 965 (8th Cir. 1976). Jurisdiction of a petition for a writ of habeas corpus under 28 U.S.C. § 2241, therefore, lies either in the district of physical confinement or in the district in which a custodian against whom the petition is directed is present. *See McCoy,* 537 F.2d at 964; *Propotnik v. Putman,* 538 F.2d 806, 807 (8th Cir. 1976); *Cleveland v. Ciccone,* 517 F.2d 1082, 1085 (8th Cir. 1975). *See also Gravink v. United States,* 549 F.2d 1152, 1154 (8th Cir. 1977); *Noll v. Nebraska,* 537 F.2d 967, 968–69 (8th Cir. 1976); *Lee v. United States,* 501 F.2d 494, 500–01 (8th Cir. 1974). In the present case, Rheuark is challenging his Texas conviction. The Texas officials responsible for his confinement pursuant to that conviction, therefore, are the custodians over whom the Arkansas court must have had jurisdiction. Since the court lacked jurisdiction over them, its dismissal was proper.

Rheuark seeks to avoid this result by arguing that his petition challenged the cus-

---

1. While the judgment entered by the court does not state the grounds for dismissal, the parties agree that the dismissal was for lack of in personam jurisdiction over Rheuark's custodians.

2. Rheuark has also filed a pro se brief which is devoted to a discussion of the merits of his petition and does not address the jurisdictional issue.

tody of the United States Marshal on the theory that the legality of that custody depended upon the validity of the Texas conviction. It is clear, however, that the petition challenges the Texas conviction and is directed not at the marshal, but at the Texas custodians.

Rheuark also argues that by accepting custody of Rheuark, the marshal accepted the responsibility for defending the legality of the Texas conviction. This argument is also without merit. The marshal, as an officer of the court, was merely executing the court's order commanding him to deliver Rheuark to the Eastern District of Arkansas. *See* 28 U.S.C. § 569(b).

Finally, Rheuark contends, relying upon *Braden*, that the marshal was an agent of Texas and that the marshal's presence in the forum provided the court with personal jurisdiction over the Texas custodians. *Braden* is clearly distinguishable. The Supreme Court in that case employed an agency fiction to fulfill the "in custody" subject matter jurisdiction requirement of 28 U.S.C. § 2241. *See Braden*, 410 U.S. at 498–99, 93 S.Ct. 1123; *Norris v. Georgia*, 522 F.2d 1006, 1010–11 (4th Cir. 1975). However, unlike the district court here, the district court in *Braden* had in personam jurisdiction over the habeas corpus respondent. A similar argument was raised and rejected by the Fourth Circuit in *Norris*. We agree with that court's observation that "[the employment of] an agency theory for the purpose of establishing *in personam* jurisdiction is a result *Braden* never contemplated." *Norris*, 522 F.2d at 1011.

The judgment of dismissal is affirmed.