Daniel M. THOMPSON, Plaintiff,

v.

UNITED STATES PAROLE COMMISSION, Defendant.

Civ. A. No. 82–2323.

United States District Court, District of Columbia.

Jan. 10, 1983.

Stanley S. Harris, U.S. Atty., Oscar Altshuler and G. William Currier, Asst. U.S. Attys., Washington, D.C., for defendant.

David C. Roseman of Surrey & Morse, Washington, D.C., for plaintiff.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This matter is before the Court on Petitioner's motion for a writ of habeas corpus. For the reasons set forth herein, the Court will deny Petitioner's motion but it will order the Parole Commission to conduct a parole revocation hearing for Petitioner as soon as practicable and not later than thirty (30) days from the date hereof.

### FACTS [1]

Petitioner was convicted of theft of an interstate shipment on July 16, 1976 and sentenced to a term of 5 years imprisonment. He was paroled on April 1, 1979. On October 14, 1980 Petitioner was arrested again and indicted on counts of forgery and attempted uttering. Petitioner also failed to appear for urinalysis on December 9, 1980 as instructed by his parole officer. On the basis of these two violations of the conditions of his parole—rearrest and failure to appear for drug aftercare—Case Analyst Michael Santella submitted a warrant application to the Commission on January 30, 1981 to order that Petitioner be retaken into custody. A warrant for Petitioner's

arrest was signed that same day and Petitioner was taken into custody on March 3, 1981. On March 10, 1981, Frederick Foster, a parole officer, conducted a preliminary interview of Petitioner, at which time he requested a parole revocation hearing.

On March 11, 1981 Petitioner pled guilty to the forgery charge on which he had been indicted in October. Case Analyst Santella was informed of the plea by Parole Officer Foster and submitted a supplement to the first warrant application to that effect on March 23, 1981. Santella also wrote a letter to Petitioner on that day. The letter explained the basis of the revocation proceedings, notified Petitioner of a finding of probable cause and informed him that he was to be transferred to a federal institution for a parole hearing. Santella enclosed a copy of the warrant application and portions of the preliminary interview.

On April 7, 1981 an order was teletyped to the United States Marshall's Office to transport Petitioner from the District of Columbia Jail, where he was being held, to the federal institution at Danbury for a parole revocation hearing scheduled for June 3, 1981. Before the date of the hearing, however, Petitioner was charged with several new criminal offenses. On April 16, 1981, Petitioner was charged with grand larceny. On May 12, 1981 he was sentenced on the original forgery conviction to between three years and six months imprisonment. The next day he was again charged with forgery and uttering. On June 24, 1981, Petitioner pled guilty to the lesser included offenses of attempted uttering and receiving stolen property. However, the Commission was not even informed that new charges were pending against Petitioner until July 15, 1981—more than one month after Petitioner's scheduled parole revocation hearing.

On July 30, 1981, Santella teletyped a request for clarification to the Marshall's Office. The Marshall's Office responded on

---

**1.** To facilitate comprehension of the facts of this case see the Appendix attached to this Opinion.

August 4, 1981 that the additional charges against Petitioner prevented him from being transported to Danbury for the hearing. Consequently, the Commission's staff recommended that the original warrant be withdrawn and a new warrant issued and lodged as a detainer. Acting upon this recommendation, the Commission withdrew the first warrant on August 10, 1981 and issued a second warrant on August 13, 1981 based on a new application submitted by Santella. The new warrant granted Petitioner credit for the time served between the execution of the original warrant and the date on which it was withdrawn.

On August 20, 1981 Petitioner was sentenced to serve consecutive terms of 300 days for each offense. The new warrant was lodged as a detainer. Subsequently, the Commission conducted a dispositional review and determined that the detainer should remain in effect. Petitioner was informed of this detainer on April 15, 1982 and a dispositional revocation hearing was scheduled for March 12, 1983, which date would be accelerated if Petitioner was released to the federal detainer prior to that date. On July 7, 1982 Petitioner was so released and a parole revocation hearing was scheduled for October 7, 1982.

Petitioner filed a *pro se* petition for a writ of habeas corpus on August 18, 1982. This Court issued an order to show cause why the writ should not be granted. The Court also appointed counsel to represent Petitioner, which counsel submitted a Reply to Commission's Return and Answer to Order to Show Cause, on Petitioner's behalf. Petitioner now remains incarcerated at the D.C. Jail on this Court's order. His scheduled parole revocation hearing was stayed by the Court's order and, therefore, no hearing has yet been held.

## ANALYSIS

### I

### JURISDICTION IS PROPER IN THIS COURT BECAUSE PETITIONER IS CONFINED IN THIS DISTRICT

▋ Respondent argues that Petitioner's application should be dismissed for lack of jurisdiction because Respondent, the United States Parole Commission, is now located in Maryland. However, this argument is misconceived. A Petitioner seeking a writ of habeas corpus may file a petition either in the district of his confinement or in the District in which his custodian is present. *See Rheuark v. Wade,* 608 F.2d 304, 305 (8th Cir.1979). *See also McCall v. Swain,* 510 F.2d 167 (D.C.Cir.1975). Petitioner, here, is confined at the D.C. Jail, therefore, jurisdiction is proper in this Court even though Respondent the Parole Commission is located in Maryland. Additionally, recent decisions have emphasized that the important consideration is that the Court considering the petition must be able to reach the respondent through service of process. *E.g., Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). If service can be perfected, then the Court can issue a writ "within its jurisdiction." *Id.* Here service of process has been achieved and thus the Court is acting within its jurisdiction. Finally, the Court notes that Petitioner has filed a Motion for Leave to Amend the Caption and Pleadings to add E. Paul Slothouber, Administrator of the D.C. Jail as a defendant. The Court will grant that motion here. The addition of Mr. Slothouber as a named Respondent removes any doubt that this is the proper forum.

### II

### THE COMMISSION DID NOT ACT IMPROPERLY BECAUSE A SECOND WARRANT COULD BE VALIDLY ISSUED BASED ON SUBSEQUENT VIOLATIONS

Petitioner contends that the Commission acted improperly on two counts. First, he argues that he was denied his right to have a parole revocation hearing within 90 days of his arrest on the parole violator's warrant as required by 18 U.S.C. § 4214(c). Petitioner was initially arrested in March of 1981 and his revocation hearing has still not

been held.[2] However, the Commission does not now seek to hold Petitioner on the original warrant—that warrant was withdrawn. It is the second warrant on which Petitioner is now held.

Petitioner's second argument is that the Commission lacked the authority to issue this second warrant. The Court disagrees. The Commission has broad authority to issue, defer or withdraw parole violators warrants or lodge them as detainers. See 18 U.S.C. §§ 4213(a), 4213(b), 4214(b); 28 C.F.R. §§ 2.44(a), 2.44(b). However, this power is not unlimited. Petitioner contends that the Commission exceeded the bounds of its authority when it first revoked the warrant on which he was held and then issued a second warrant on the same grounds. Were it the case that the second warrant was issued on grounds identical to the first, Petitioner's allegations might state a viable claim.[3] However, in this case the Commission's second warrant could, without question, have been issued on the basis of Petitioner's subsequent parole violations—his convictions on June 24, 1981 for attempted uttering and receiving stolen property. The new warrant was, in fact, issued on the basis of a fresh warrant application listing as violations both the grounds of the original warrant and one of the subsequent offenses. Because the Court holds that the warrant could validly be issued on the basis of the subsequent offenses alone the Court will uphold the validity of the second warrant and deny Petitioner's request for a writ of habeas corpus. However, in the interest of justice, the Court will order the Commission to hold a new hearing for Petitioner as soon as practicable and not later than thirty (30) days from the date hereof. Additionally, Petitioner should be granted credit for time served awaiting this decision.

An Order in accordance with the foregoing will be issued of even date hereof.

**2.** As previously noted, a revocation hearing was scheduled for October 7, 1982 but was stayed pending disposition of this case.

## APPENDIX

1. Convicted of theft of an interstate shipment—6/6/76.

2. Paroled from 1976 conviction (# 1 above)—4/1/79.

3. Indicted for forgery and attempted uttering—10/14/80.

4. Failed to appear for urinalysis—12/9/80.

5. Warrant application filed based on 10/80 indictment (# 3 above) and failure to appear for drug aftercare (# 4 above) and warrant issued—1/30/81.

6. Arrested on warrant (# 5 above)—3/3/81.

7. Preliminary interview conducted, revocation hearing requested—3/10/81.

8. Pled guilty to 10/80 forgery charge (# 3 above)—3/11/81.

9. Warrant supplement submitted noting guilty plea (# 8 above)—3/23/81.

10. Revocation hearing set for 6/3/81.

11. Charged with grand larceny—4/16/81.

12. Sentenced on 10/80 forgery charge (# 3 above)—5/12/81.

13. Charged with forgery and uttering—5/13/81.

14. Scheduled revocation hearing not held because Marshall's Office could not transport Petitioner due to pending charges (# 11 & # 13 above)—6/3/81.

15. Pled guilty to lesser included offenses of attempted uttering and receiving stolen property on 4/81 and 5/81 charges (# 11 & #13 above)—6/24/81.

16. Commission learned of 4/81 and 5/81 charges (# 11 & # 13 above)—7/15/81.

17. Warrant withdrawn—8/10/81.

18. New warrant issued based on new application listing 10/80 indictment (# 3 above), failure to report for drug aftercare (# 4 above) and new conviction

**3.** The question of whether the Commission may validly withdraw an executed warrant and issue a new warrant on the same grounds is a question of first impression in this district. This Court does not reach that question here.

for receiving stolen goods (# 11 above)—8/13/81.

19. Sentenced to 300 days consecutively for convictions for attempted uttering and receiving stolen property (# 11 & # 13 above)—8/20/81.

20. New warrant filed as a detainer with prison authorities with credit given for time served—8/26/81.

21. Informed Petitioner that the Commission had conducted a dispositional review and determined that the detainer should remain in effect.

22. Revocation hearing set for 3/12/83 or earlier if Petitioner was released to the detainer.

23. Paroled to federal detainer—7/7/82.

24. Revocation hearing set for 10/7/82.

25. Petitioner filed *pro se* petition.