801 F.2d 395
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Joseph E.L. SULLIVAN, Appellant.
 No. 86-7055.
 United States Court of Appeals,
Fourth Circuit.
 Submitted June 19, 1986.
Decided Sept. 12, 1986.
 
 Joseph E.L. Sullivan, appellant pro se.
 Elsie L. Munsell, United States Attorney, for appellee.
 E.D.Va.
 AFFIRMED.,
 Before RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 PER CURIAM
 
 1
 Joseph E. L. Sullivan, a federal inmate, appeals the judgment of the district court dismissing his petition for post conviction relief filed pursuant to 28 U.S.C. Sec. 2255. Sullivan had originally been charged in a three-count indictment with aggravated bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d), possession of a firearm, and use of a firearm. On November 12, 1976, Sullivan pled guilty to the lesser degree of bank robbery in violation of 18 U.S.C. Sec. 2113(a). The government dismissed the remainder of Count I and Counts II and 111. Sullivan was sentenced to a term of 20 years imprisonment.
 
 
 2
 In his petition Sullivan contends that he is entitled to post-conviction relief because (1) his counsel was ineffective for failing to move for a judgment of acquittal at his guilty plea hearing; and (2) the district court breached its statutory duty by failing to designate in the sentence a minimum term at the expiration of which he would be eligible for parole, and for not stating whether the sentencing was pursuant to 18 U.S.C. Sec. 4205 or Sec. 4208. Both of these contentions are without merit and we affirm the judgment below on the reasoning of the district court. Sullivan v. United States, Cr. No. 76-233-A, C/A No. 85 1304-AM (E.D.Va., November 19, 1985).
 
 
 3
 Sullivan also challenges certain actions taken by the United States Parole Commission and challenges the accuracy of certain information concerning his prior convictions which the parole commission has allegedly relied upon.* These allegations do not challenge the imposition of Sullivan's sentence, nor do they call in question the constitutional validity of his conviction. Instead these allegations are directed to the execution of the sentence by the United States Parole Commission. As such, review may be had through a petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2241. United States v. Addoizio, 442 U.S. 178 (1979). Under 28 U.S.C. Sec. 2241, jurisdiction of a petition for a writ of habeas corpus lies either in the district where the petitioner is incarcerated or in the district where petitioner's custodian is located. Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); Rheuark v. Wade, 608 F.2d 304 (8th Cir.1979); Blau v. United States, 566 F.2d 526 (5th Cir.1978); Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976). The record indicates that Sullivan is incarcerated at the federal penitentiary located at marion, Illinois. For federal habeas corpus purposes Sullivan's custodian is the warden of that institution. See Billiteri, supra, at 948. The district court lacked jurisdiction to consider any request for relief based on these allegations. The court properly declined to address them.
 
 
 4
 Additionally, Sullivan's challenge to allegedly inaccurate information used by the Parole Commission must be initially addressed through the administrative avenues outlined in 28 C.F.R. Sec. 2.19(c). United States v. Legrano, 659 F.2d 17 (4th Cir.1981). Upon exhaustion of administrative remedies, Sullivan may bring a habeas corpus action pursuant to 28 U.S.C. Sec. 2241 in the district in which he is confined.
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, and affirm the judgment below.
 
 AFFIRMED
 
 
 *
 In his informal brief Sullivan alleges for the first time that his presentence report contained inaccurate information which the district judge considered in imposing sentence. Because this issue was not raised before the district court we do not address it here