801 F.2d 395
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny R. MASSINGALE, Defendant-Appellant.
 No. 86-7573.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1986.
Decided Sept. 23, 1986.
 
 Danny R. Massingale, appellant pro se.
 William Corley Lucius, Office of the United States Attorney, for appellee.
 D.S.C.
 VACATED AND REMANDED.
 Before HALL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Danny R. Massingale, a federal inmate, appeals the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2241. In his petition, Massingale challenges certain actions of the United States Parole Commission relative to a parole revocation hearing, and to lost or forfeited good time while on parole. Massingale also seeks credit against his federal sentence for time served on a State of North Carolina sentence and for pre-conviction incarceration. we do not reach the merits of Massingale's claims because the court below was without jurisdiction to hear Massingale's petition.
 
 
 2
 While incarcerated at the federal correctional institution at Petersburg, Virginia, Massingale filed his Sec. 2241 petition in the United States District Court for the Eastern District of virginia. The district court mistakenly construed Massingale's petition as a motion for post-conviction relief under 28 U.S.C. Sec. 2255, requiring that the petition be brought in the district court in which Massingale was convicted. Accordingly, the district court for the Eastern District of Virginia transferred Massingale's petition to the United States District Court for the District of South Carolina, Columbia Division.
 
 
 3
 The magistrate, to whom the District Court for the District of South Carolina referred Massingale's petition, recommended that (1) the part of the petition relating to a claim for jail credit which was raised in a previous Sec. 2255 motion be dismissed as repetitious; and (2) the remainder of the petition be dismissed because it could not be initiated in the court for the District of South Carolina. After affording Massingale the opportunity to object to the magistrate's report and recommendation, and after reviewing Massingale's timely objections, the district court adopted the magistrate's report and dismissed the petition.
 
 
 4
 Massingale's claim for credit against his federal sentence for pre-conviction incarceration and for time served on a state sentence is not available under 28 U.S.C. Sec. 2255. This claim addresses the computation and execution of the sentence rather than the sentence itself. As such, review may be had through a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. United States v. Brown, 753 F.2d 455 (5th Cir. 1985); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Soyka v. Alldredge, 481 F.2d 303 (3rd Cir. 1973); see also United States v. Snow, 748 F.2d 928, 933 (4th Cir. 1984). Massingale's claims challenging certain actions and computations by the Parole Commission and the Attorney General likewise challenge the execution, rather than the imposition, of his sentence and must be brought under Sec. 2241. United States v. Addonizio, 422 U.S. 178 (1979). Under 28 U.2.C. Sec. 2241, jurisdiction of a petition for a writ of habeas corpus lies either in the district where the petitioner is incarcerated or in the district where petitioner's custodian is located. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); United States v. Snow, supra.; Rheuark v. Wade, 608 F.2d 304 (8th Cir. 1979); Blau v. United States, 566 F.2d 526 (5th Cir. 1978). The record indicates that Massingale is incarcerated at the federal correctional institution at Butner, North Carolina. For federal habeas corpus purposes Massingale's custodian is the warden of that institution. See Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir. 1976). The district court for the District of South Carolina therefore lacked jurisdiction to consider any request from Massingale for habeas corpus relief pursuant to 28 U.S.C. Sec. 2241. The Court was without jurisdiction and its judgment cannot act as an adjudication on the merits. Moreover, because Massingale's original filing of this action in the District Court for the Eastern District of virginia was, at that time, proper, and through no error of his the case was transferred to a district court lacking jurisdiction to consider it, we believe that the interests of justice would not be served by requiring him to start this action anew.
 
 
 5
 Accordingly, because the dispositive issues have recently been decided authoritatively, we dispense with oral argument, vacate the judgment of the district court, and remand this case with instructions to transfer the petition to the proper judicial district.
 
 VACATED AND REMANDED