803 F.2d 1180
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnny Frank GODFREY, Appellant,
v.
UNITED STATES PAROLE COMMISSION; Henry D. McMaster, United
States Attorney; William Whitworth, United States Marshal;
James Cuddy, Chief United States Probation Officer; Mary
Foe, Community Programs Manager, Federal Prison System;
William Leeke, Commissioner of South Carolina Department of
Corrections, Appellees.
 No. 86-7533.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 17, 1986.
Decided Oct. 21, 1986.
 
 Johnny Frank Godfrey, appellant pro se.
 Marvin J. Caughman, Assistant United States Attorney, for appellees.
 D.S.C., 770 F.2d 160(T)
 AFFIRMED.
 Before WIDENER and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Johnny Frank Godfrey, a federal inmate, appeals from an order of the district court denying his motion to reopen a previously dismissed habeas corpus action and his motion for time credits. On July 25, 1984, Godfrey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 seeking release on parole. At that time, Godfrey was incarcerated in South Carolina. After reviewing a number of pleadings, records, and other documents, the district court dismissed the petition without prejudice for Godfrey's failure to exhaust administrative remedies. Godfrey appealed that judgment to this Court on February 15, 1985, and we affirmed. Godfrey v. United States Parole Commission, No. 85-6190 (4th Cir., Aug. 8, 1985) (unpublished). Godfrey was transferred out of the South Carolina federal judicial district. Subsequent to our decision in Godfrey, supra, Godfrey filed in the district court the motions which are the subject of this appeal. The district court denied Godfrey's motion to reopen the case because it found that it lacked jurisdiction to grant the relief which Godfrey sought. Alternatively, the district court found that Godfrey had not shown that the Parole Commission had abused its discretion in finding that Godfrey had violated his parole. In view of its decision on the motion to reopen, the district court did not address the motion for time credits.
 
 
 2
 Because we find that the district court was without jurisdiction to hear Godfrey's motions, we affirm the district court's order denying the motion to reopen.
 
 
 3
 When Godfrey filed his notice of appeal on February 15, 1985, from the judgment of the district court dismissing his petition for habeas corpus relief, the district court was divested of its jurisdiction over his case. The district court's order dismissing the case without prejudice did not carry with it continuing jurisdiction; rather, it merely meant that the merits of his petition had not been adjudicated. The petitioner, should he choose to do so, could file a new petition in a proper forum once he has exhausted his administrative remedies. Under 28 U.S.C. Sec. 2241, jurisdiction of a petition for a writ of habeas corpus lies either in the district where the petitioner is incarcerated or in the district where petitioner's custodian is located. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Rheuark v. Wade, 608 F.2d 304 (8th Cir.1979); Blau v. United States, 566 F.2d 526 (5th Cir.1978); Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976). The record indicates that Godfrey is incarcerated at the federal correctional institution located at Ashland, Kentucky. For federal habeas corpus purposes Godfrey's custodian is the warden of that institution. See Billiteri, supra, at 948. The district court therefore lacked jurisdiction to consider any request from Godfrey for habeas corpus relief pursuant to 28 U.S.C. Sec. 2241.
 
 
 4
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 5
 AFFIRMED.