804 F.2d 1250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Oscar GARCIA, Plaintiff-Appellant,
v.
O. Ivan WHITE, Warden; US Parole Commission, Defendants-Appellees.
 No. 86-7656.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 9, 1986.
Decided Nov. 11, 1986.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, District Judge. (C/A No. 86-346-N).
 Oscar Garcia, appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before ERVIN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Oscar Garcia, a federal inmate, appeals the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2241. In his petition Garcia challenges the United States Parole Commission's application of its regulations and guidelines to his case as violative of the constitutional prohibition against ex post facto laws. In 1984 Garcia pleaded guilty in the United States District Court for the Southern District of New York to a charge of distribution and possession with intent to distribute cocaine.
 
 
 2
 While incarcerated at the Federal Correctional Institution in Petersburg, Virginia, Garcia filed his Sec. 2241 petition in the United States District Court for the Eastern District of Virginia. The district court mistakenly construed Garcia's petition as a motion for post-conviction relief under 28 U.S.C. Sec. 2255, requiring that the petition be brought in the district court in which Garcia was convicted. Accordingly, the district court for the Eastern District of Virginia dismissed Garcia's petition for lack of jurisdiction to address the petition.
 
 
 3
 Garcia's claims challenging certain actions and computations by the Parole Commission challenge the execution, rather than the imposition, of his sentence. As such, relief is not available under Sec. 2255 and must be brought under Sec. 2241. United States v. Addonizio, 442 U.S. 178 (1979). Under Sec. 2241, jurisdiction of a petition for a writ of habeas corpus lies either in the district where petitioner is incarcerated or in the district where petitioner's custodian is located. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); United States v. Snow, 748 F.2d 928 (4th Cir.1984); Rheuark v. Wade, 608 F.2d 304 (8th Cir.1979); Blau v. United States, 566 F.2d 526 (5th Cir.1978). The record indicates that Garcia is incarcerated at the Federal Correctional Institution in Petersburg, Virginia. For federal habeas corpus purposes Garcia's custodian is the warden of that institution. See Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976). The district court for the Eastern District of Virginia therefore had jurisdiction to consider the request from Garcia for habeas corpus relief pursuant to 28 U.S.C. Sec. 2241.
 
 
 4
 Accordingly, because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, vacate the judgment of the district court, and remand this case for further proceedings not inconsistent with this opinion.
 
 
 5
 VACATED AND REMANDED.