UNITED STATES of America,
Respondent,

v.

Nicky Wayne DAVIS, Movant.

Nos. SA–87–CA–399, SA–83–CR–206–1.

United States District Court,
W.D. Texas,
San Antonio Division.

Aug. 24, 1987.

Nicky Wayne Davis, pro se.

Jack Freis, Asst. U.S. Atty., San Antonio, Tex., for respondent.

## MEMORANDUM OPINION AND ORDER

H.F. GARCIA, District Judge.

Movant Nicky Wayne Davis pled guilty in this Court to the offense of bank robbery, and was sentenced to serve 25 years in prison. He has now filed a motion, pursuant to 28 U.S.C. Section 2255, to vacate that sentence. In the motion, Davis' only complaints concern actions by the United States Parole Commission which affect his eligibility for parole. He contends that the Parole Commission frustrated this Court's probable expectation with respect to the original sentence imposed: (1) by increasing the time for his parole eligibility beyond the time reflected in his presentence investigation report, and (2) by extending his parole eligibility date beyond his guidelines by unlawfully "double count-

ing" the same aggravating factor. United States Magistrate Jamie C. Boyd, to whom this case was referred, has recommended that the motion to vacate be dismissed for want of jurisdiction. The only issue addressed here is whether a sentencing court has jurisdiction to consider in a Section 2255 motion, the movant's allegations concerning his eligibility for parole.

■ In *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), the Supreme Court held that allegations that a postsentencing change in the policies of the Parole Commission had prolonged movants' actual imprisonment beyond the period intended by the sentencing judge do not support a collateral attack on the original sentence under Section 2255. By its terms, Section 2255 authorizes relief from a conviction if the sentencing court concludes that it "was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." This remedy does not, however, encompass all claimed errors in conviction and sentencing. *Id.* at 185, 99 S.Ct. at 2240. The Supreme Court determined that the claimed error—that the judge was incorrect in his assumptions about the future course of parole proceedings—does not meet any of the established standards of collateral attack. The subjective intent of the sentencing judge provides a questionable basis for testing the validity of his judgment. *Id.* at 187–188, 99 S.Ct. at 2241–2242. To require the Parole Commission to act in accordance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not the courts. *Id.* at 190, 99 S.Ct. at 2243. The Supreme Court concluded that subsequent actions taken by the Parole Commission do not retroactively affect the validity of the final judgment itself.

Correctly anticipating the *Addonizio* decision, the Fifth Circuit Court of Appeals previously held that a sentencing court's misapprehension of the manner in which the Parole Commission would exercise its discretion does not provide a basis for collateral attack on the sentence under Section 2255. *United States v. Kent*, 563 F.2d 239, 242 (5th Cir.1977). In *Blau v. United States*, 566 F.2d 526 (5th Cir.1978), our Court of Appeals stated that a petition for habeas corpus pursuant to 28 U.S.C. Section 2241, rather than a Section 2255 motion, is the proper vehicle to review a decision by the Parole Commission.

■ Davis' complaints that the Parole Commission has acted in such a way as to frustrate this Court's intentions at the time of sentencing are precisely the type of allegations which were determined to be not cognizable under Section 2255. As in *Addonizio*, there is here no claim that the action taken by this Court was unconstitutional, or that the sentence imposed was not within statutory limits, or that the proceeding was infected with an error of fact or law of the "fundamental" character that renders the entire proceeding irregular and invalid. *Addonizio*, 442 U.S. at 186, 99 S.Ct. at 2241. Assertions concerning double counting and enlargement of the time to parole eligibility affect the execution of the sentence as opposed to the conviction itself and must be presented by an application for writ of habeas corpus. This Court is not, however, free to treat movant's Section 2255 motion as a petition for a writ of habeas corpus. Under Section 2241, the writ can be sought by a federal prisoner only from a district court with jurisdiction either over the prisoner or his custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). As in *Blau*, movant here is incarcerated in the federal penitentiary in El Reno, Oklahoma. This Court, therefore, lacks jurisdiction to consider any request for habeas corpus relief. The Section 2255 motion must be dismissed.

It is so ORDERED.