865 F.2d 1261
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aaron James MARQUEZ, Defendant-Appellant.
 No. 88-6714.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 26, 1988.
Decided: Jan. 3, 1989.
 
 Aaron James Marquez, appellant pro se.
 Catherine Curtis Blake (Office of the United States Attorney), for appellee.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Aaron James Marquez, a federal inmate incarcerated in Florida, appeals the order of the District Court for the District of Maryland denying his motion for credit for time served under house-arrest while he was under indictment and waiting to self-report to prison after his conviction. We do not reach the merits of Marquez's claims because the court below was without jurisdiction to decide the motion which must be construed as a petition for habeas corpus pursuant to 28 U.S.C. Sec. 2241.
 
 
 2
 Marquez's claim for credit against his federal sentence for time served during his alleged house-arrest is not cognizable pursuant to 28 U.S.C. Sec. 2255. His claim addresses the computation and execution of the sentence rather than the sentence itself. Consequently, he must proceed under Sec. 2241 rather than under Sec. 2255. United States v. Addonizio, 442 U.S. 178 (1979); United States v. Brown, 753 F.2d 455 (5th Cir.1985); United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984); Soyka v. Alldredge, 481 F.2d 303 (3d Cir.1973); see also United States v. Snow, 748 F.2d 928, 933 (4th Cir.1984).
 
 
 3
 Under Sec. 2241 jurisdiction lies in the district where Marquez is incarcerated or where his custodian is located. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); United States v. Snow, supra.; Rheuark v. Wade, 608 F.2d 304 (8th Cir.1979); Blau v. United States, 566 F.2d 526 (5th Cir.1978).
 
 
 4
 The record indicates that Marquez is incarcerated at Tyndall Federal Prison Camp in Florida. For federal habeas corpus purposes Marquez's custodian is the warden of that institution. See Billiteri v. United States Board of Parole, 541 F.2d 938, 948 (2d Cir.1976).
 
 
 5
 The district court for the District of Maryland lacked jurisdiction to consider Marquez's request for Sec. 2241 relief. Because the court was without jurisdiction its order cannot stand as an adjudication on the merits. Accordingly, the district court's order denying Marquez's motion is vacated and this action is remanded to the district court for dismissal without prejudice for lack of jurisdiction.*
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 This disposition will allow Marquez to pursue his Sec. 2241 claim in the proper federal court in Florida if he so desires