## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 98-41036
### Summary Calendar

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellant,**

**versus**

**JOHN WILLIAM RAY, SR.,**

**Defendant-Appellee.**

_____

### Appeal from the United States District Court
### for the Southern District of Texas
### (B-96-CV-115, B-85-CR-346-2)

_____

### June 18, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

John William Ray, former federal prisoner # 29041-079, obtained relief from his original sentencing court under 28 U.S.C. § 2255, contending that, after revocation of his special parole, the United States Parole Commission acted outside its authority in imposing a term of regular parole. The Government appeals following the district court's denial of its FED. R. CIV. P. 60(b) motion for reconsideration.

We first consider *sua sponte* a defect in subject matter jurisdiction. *E.g.*, ***Giles v. NYLCare Health Plans, Inc.***, 172 F.3d

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

332, 336 (5th Cir. 1999).  Because Ray's motion attacks the manner of execution of his sentence, rather than his sentence itself, it is not cognizable in a § 2255 motion.  *See* 28 U.S.C. § 2255 (motion directed to "the court which imposed the sentence")***; Blau v. United States***, 566 F.2d 526, 527-28 (5th Cir. 1978) ("[A] petition for habeas corpus pursuant to 28 U.S.C. § 2241, rather than a § 2255 motion, is the proper vehicle to review a decision by the Parole Commission").

"To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian."  ***United States v. Gabor***, 905 F.2d 76, 78 (5th Cir. 1990).  At the time of his petition, Ray was confined at the Federal Correctional Facility at Big Springs, in the Northen District of Texas; accordingly, the district court for the Southern District of Texas, in which he filed his petition, lacked jurisdiction.

The judgment of the district court granting relief is **VACATED**, and the case **REMANDED** to the district court with instructions to dismiss for lack of jurisdiction.

*VACATED AND REMANDED*

- 2 -