**Andrew Ellsworth MORGAN, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civ. A. No. 85–1787.**

United States District Court,
District of Columbia.

Aug. 20, 1985.

Andrew Ellsworth Morgan, pro se.

Craig Ellis, Washington, D.C., for defendant.

### MEMORANDUM OPINION AND ORDER

STANLEY S. HARRIS, District Judge.

This is now before the Court on defendant's motion to dismiss, or in the alternative, for summary judgment. The plaintiff challenges the authority of the United States Parole Commission (hereinafter Commission) to hear his parole. He further requests a transfer to the District of Columbia Board of Parole (hereinafter Board) for hearing. The Court concludes that the motion to dismiss should be granted.

The plaintiff was granted parole by the Board on July 17, 1982, and was released from the Maximum Security Facility on August 27, 1982. That November, the plaintiff was charged with Burglary II and, after pleading guilty, was subsequently sentenced to two to six years imprisonment with a recommendation that he be transferred to a federal facility. On October 12, 1983, the Board conducted a parole revocation hearing and the plaintiff's parole was revoked with a rehearing before the Board set for February 1984. On October 26, 1983, the plaintiff was transferred to the Federal Bureau of Prisons pursuant to the sentencing judge's recommendation. The plaintiff now contests the authority of the Commission to hear the plaintiff's parole and requests this Court to order his transfer to the District of Columbia for the purpose of having his parole heard by the District of Columbia Board.

The authority for transferring one convicted of crimes in the District of Columbia, such as the plaintiff, arises from D.C.Code § 24–425 (1981) and is described as "clear and apparently limitless." *Curry-Bey v. Jackson,* 422 F.Supp. 926, 932 (D.D.C.1976). Under that section, a prisoner has no legitimate interest in remaining at the same prison or in the same system throughout his term and, therefore, a prisoner has no interest protected by the Due Process Clause from summary deprivation. *District of Columbia v. Cooper,* 483 A.2d 317, 322 (D.C.1984). *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983). The transfer of the plaintiff appears to have been properly made under the statute.

The Commission has the same authority and power over District of Columbia Code violators in United States institutions as has the Board over similarly convicted individuals within the District of Columbia's penal facilities. D.C.Code § 24–209. The Commission has jurisdiction over prisoners convicted in the District of Columbia and transferred to a federal institution other than those of the District of Columbia. *Ex parte Gould,* 51 F.Supp.

354, 356 (D.D.C.1943). Furthermore, federal authorities may make parole decisions about District of Columbia offenders committed to them. *Cosgrove v. Smith,* 697 F.2d 1125, 1130 (D.C.Cir.1983). Therefore, the Commission's decision to disregard a parole hearing originally set by the Board prior to the plaintiff's transfer into the federal system and under its authority was fully within its power once the plaintiff fell within the Commission's jurisdiction.

█ Moreover, as stated above, the plaintiff's due process claim is without merit; due process does not extend to an inmate's expectation of parole or treatment. *Bryant v. Civiletti,* 663 F.2d 286, 292–93 n. 15 (D.C.Cir.1981), *citing Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 11, 99 S.Ct. 2100, 2105, 60 L.Ed.2d 668 (1979). The plaintiff's charge that his transfer was retaliatory in nature is similarly meritless. The plaintiff presents no allegations which would lead this Court to question the motives of the defendant or the prison officials as being tainted with retaliation or for having required his transfer for any reason not stated under § 24–425.

For the foregoing reasons, and upon consideration of the defendant's motion and the opposition thereto, it hereby is

ORDERED, that the motion is granted and the complaint is dismissed.

SO ORDERED.