Joseph C. BOONE

v.

**U.S. PAROLE COMMISSION, FEDERAL BUREAU OF PRISONS.**

Civ. No. JFM-86-3294.

United States District Court, D. Maryland.

Dec. 8, 1986.

Joseph C. Boone, pro se.

Glenda G. Gordon, Office of the U.S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM

MOTZ, District Judge.

Joseph C. Boone, a federal inmate, has filed this petition for a writ of habeas corpus. He complains of certain decisions which the Parole Commission has made concerning his sentence. Since he is challenging the execution, rather than the imposition, of his sentence the petition is properly brought pursuant to 28 U.S.C. section 2241 rather than 28 U.S.C. section 2255. *See United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *United States v. Snow,* 748 F.2d 928 (4th Cir.1984).

Boone has apparently filed his petition in Maryland because the Parole Commission is headquartered here. This does not provide a sufficient basis for jurisdiction. It is well established that under section 2241 jurisdiction of a petition for a writ of habeas corpus lies either in the district where petitioner is incarcerated or in the district where petitioner's custodian is located. *Braden v. 30th Judicial Circuit of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *United States v. Snow, supra; Rheuark v. Wade,* 608 F.2d 304 (8th Cir.1979); *Blau v. United States,* 566 F.2d 526 (5th Cir.1978). Petitioner is presently incarcerated at the federal prison facility located in Lompoc, California, and accordingly, should have filed his petition in the Eastern District of California where Lompoc is located.

For these reasons Boone's petition will be dismissed. The dismissal will be without prejudice for him to file a new petition in the Eastern District of California. Since there is no statute of limitations that would prevent him from seeking relief in that forum, a transfer of this action under 28 U.S.C. section 1631 is not required.