865 F.2d 1330
 275 U.S.App.D.C. 231
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Phillip A. SMALLWOOD, Appellant,
v.
D.C. BOARD OF PAROLE, et al.
 No. 88-5083.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 30, 1988.
 
 Before STARR, STEPHEN F. WILLIAMS and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record and on the briefs filed by the parties on appeal from the United States District Court for the District of Columbia. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that this appeal be dismissed for lack of jurisdiction. See 28 U.S.C. Sec. 2253; Garris v. Lindsay, 794 F.2d 722, 724 n. 14 (D.C.Cir.1986) (per curiam) (obtaining a certificate of probable cause is a jurisdictional requirement to appealing denial of federal habeas corpus relief). Although this court may treat a notice of appeal as a request for a certificate, see Fed.R.App.P. 22(b), appellant has not made any showing that he has been denied a federal right. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983). The D.C. Board of Parole was authorized to transfer jurisdiction over appellant's parole revocation hearing to the U.S. Parole Commission, because he was a D.C.Code offender confined in a federal facility. Accordingly, appellant had no right to a hearing before the D.C. Board of Parole. See D.C.Code Secs. 24-209, 24-206(b) (1981 ed.); Cosgrove v. Smith, 697 F.2d 1125, 1130 (D.C.Cir.1983) (noting that "federal authorities may make parole decisions about D.C.Code offenders committed to them"); Morgan v. District of Columbia, 618 F.Supp. 754, 755-56 (D.D.C.1985) (U.S. Parole Commission has jurisdiction over prisoners convicted in D.C. and transferred to federal facilities).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.