Carter Gray BOWERS, Petitioner,

v.

UNITED STATES PAROLE COMMISSION, Respondent.

Civ. No. 3:90CV00343.

United States District Court, E.D. Virginia, Richmond Division.

Sept. 24, 1990.

---

Long, Andrea Celestine, Boone, Beale, Carpenter & Cosby, Richmond, Va., for petitioner.

Jaspen, Robert William, U.S. Attorney's Office, Richmond, Va., for respondent.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on respondent United States Parole Commission's motion to dismiss or, in the alternative, to transfer. The motion has been fully briefed and is ripe for disposition. Jurisdiction is premised on 28 U.S.C. § 2241.

*Background*

Petitioner Carter Gray Bowers seeks a writ of habeas corpus, releasing him from eight months of incarceration on the grounds that the process which led to his incarceration was violative of his Due Process and Sixth Amendment confrontation clause rights.

Petitioner was originally convicted in the Eastern District of Virginia in May 1984 for bank larceny. He served part of his sentence, was paroled, violated parole, had his parole revoked and was reincarcerated. In October 1989 petitioner was released to serve the last six months of his parole at Bannum of Richmond, a halfway house in Ashland, Virginia. While there he submitted two separate urine samples to the staff for analysis. Petitioner was informed by the Bannum staff that both of these samples tested positive for cocaine metabolite. Following a Center Discipline Hearing which the petitioner did not attend, he was terminated from the halfway house program and transfered to the Federal Correctional Institution at Petersburg.

After an administrative proceeding, a Discipline Hearing Officer concluded in a decision dated January 4, 1990, that petitioner had engaged in the prohibited use of narcotics. Petitioner alleges that he requested that certain people be compelled to appear as witnesses, but that the Parole Commission officials refused to do so. Sanctions imposed at the conclusion of the proceedings were petitioner's return to custody and a 60 day retardation of parole.

Petitioner sought an appeal through the administrative process. While this appeal was proceeding, petitioner was transfered to the Federal Correctional Institution at McKean, Pennsylvania. He is presently incarcerated at this facility.

Petitioner brings the present action for habeas corpus, challenging the integrity of the urine collection and testing procedures at the Bannum facility which resulted in the finding that he had violated his parole by using narcotics. Petitioner also challenges the two parole revocation hearings as being violative of his due process and confrontation clause rights. Respondent United States Parole Commission moves to dismiss the case for lack of jurisdiction.

*Discussion*

An action for habeas corpus which attacks the computation and execution of a sentence rather than the sentence itself is properly brought under 28 U.S.C. § 2241. Although that statute obliquely states that district courts may grant writs of habeas corpus "within their respective jurisdictions," the accepted jurisdictional rule is that judicial review under 28 U.S.C. § 2241 must be sought in the district of confinement at the time of the filing of petition, not in the sentencing court. *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir.1990) (citing *United States v. Brown*, 753 F.2d 455 (5th Cir.1985)); *Zabel v. United States Attorney*, 829 F.2d 15, 17 (8th Cir.1987); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir.1986); *Chatman v. Hernandez*, 805 F.2d 453 (1st Cir.1986); *United States v. Ford*, 627 F.2d 807, 813 (7th Cir.1980).

This district of confinement rule arises not from the fact of prisoner's presence, but from the location of the prisoner's "custodian." It is a basic concept of habeas corpus law that writs of habeas corpus are "directed to and served upon, not the person confined, but the jailer." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (quoting *Wales v. Whit-*

*ney,* 114 U.S. 564, 574, 5 S.Ct. 1050, 1054–55, 29 L.Ed. 277 (1885). Consequently, it is the custodian who is the "defendant" in a habeas action. Thus, the Supreme Court has held that the jurisdictional requirement of 28 U.S.C. § 2241 is satisfied so long as the district court has personal jurisdiction over the prisoner's custodian. *Id.* 410 U.S. at 495, 93 S.Ct. at 1129–30. So long as the custodian can be reached by service of process, the district court can issue a writ "within its jurisdiction." *Id.*

This brings us to the natural question of who is the petitioner's "custodian." Although it is true that petitioner complains of actions taken by the United States Parole Commission, it is the warden at the federal correctional facility in McKean, Pennsylvania—not the Parole Commission—who holds petitioner in custody. *See Billiteri v. United States Board of Parole,* 541 F.2d 938, 948 (2d Cir.1976); *contra Dunn v. United States Parole Comm'n,* 818 F.2d 742 (10th Cir.1987). Because this warden cannot be reached by service of process within the Eastern District of Virginia, this Court is without jurisdiction. *See also Chatman–Bey v. Thornburgh,* 864 F.2d 804, 810–14 (D.C.Cir.1988) (§ 2241 habeas corpus petition must be brought in the judicial district of the court having personal jurisdiction over the petitioner's custodian) (en banc); *Guerra v. Meese,* 786 F.2d 414 (D.C.Cir.1986) (rejecting the proposition that the United States Parole Commission is the petitioner's "custodian" for challenges to parole commission actions).

*Conclusion*

For the reasons stated above, this Court is without jurisdiction to decide this matter. Consequently, respondent's motion to dismiss will be GRANTED.

An appropriate Order shall issue.