John H. DOUGHTY, Jr., Plaintiff,

v.

**UNITED STATES BOARD OF PAROLE, et al., Defendants.**

Civ. A. No. 90–480.

United States District Court, District of Columbia.

Jan. 17, 1992.

---

**654**

Roxane Sokolove and Lars H. Liebeler of Akin, Gump, Hauer & Feld, Washington, D.C., for plaintiff.

Jay B. Stephens, U.S. Atty., John Bates and W. Mark Nebeker, Asst. U.S. Attys., Dist. of Columbia, for defendants.

MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court are Motions for Summary Judgment filed by both the defendants and the plaintiff in the above-captioned action, which is on remand from the Court of Appeals. *See Doughty v. U.S. Board of Parole*, App. No. 90–5276 (D.C.Cir. May 31, 1991) (per curiam) [946 F.2d 1564 (table)]. The plaintiff is a D.C.Code offender presently serving a term of 10–30 years in the Federal Correctional Institution at Ashland, Kentucky, who alleges that he has wrongfully been denied educational good time credits to which he is entitled under D.C.Code § 24–429 that would reduce his minimum sentence. The Court has carefully considered the submissions of the parties, the arguments of counsel, the applicable law, and the entire record herein. For the reasons outlined below, the Court concludes that under existing law, it must deny the plaintiff's motion for summary judgment and grant the defendants' motion for summary judgment.

I. *Background*

■ The plaintiff originally filed this action in 1990, suing a number of Federal and District of Columbia agencies and individuals on a variety of grounds, including improper denial of good time credit under the D.C. Good Time Credits Act ("Act"), D.C.Code § 24–428 *et seq.*[1] On August 14,

1. The defendants argue that the complaint did not specify that the plaintiff was seeking edu-

1990, this Court dismissed the action, holding that: (1) the fact that the Act afforded good time credits only to inmates housed in D.C. correctional facilities, and not to D.C. Code offenders who are incarcerated in federal facilities did not give rise to a constitutional claim; (2) venue was improper as to claims against the federal defendants being sued in their individual capacities; (3) plaintiff's claims for monetary damages against the Federal defendants were barred by sovereign immunity; and (4) the plaintiff's claim for equitable and declaratory relief were premature because the plaintiff failed to exhaust his administrative remedies. Memorandum Opinion filed August 14, 1990. Plaintiff noted an appeal, naming as appellee the "U.S. BOARD OF PAROLES, ET.AL." Motion of Appeal, filed August 27, 1990. The Court of Appeals granted the defendants' motion for summary affirmance in part, and denied it in part, affirming this Court's ruling that

> (1) it lacked venue over out-of-state federal officials sued in their individual capacities; (2) sovereign immunity barred Doughty's monetary claims against these officials and the federal agencies; and (3) Doughty's failure to exhaust administrative procedures prevented the court from considering his requests for equitable relief.

*Doughty v. U.S. Board of Parole*, App. No. 90–5276 (D.C.Cir. May 31, 1991) (per curiam) at 1. The Court of Appeals also held that:

> Summary affirmance of the district court's conclusion that the D.C. Good Time Credits Act, D.C.Code Ann. § 24–428, does not violate the equal protection rights of male D.C.Code offenders housed in federal prisons outside the District is not appropriate, however, because the claim warrants further development. *See Jackson v. Thornburgh,* 907 F.2d 194, 198 (D.C.Cir.1990). It is

FURTHER ORDERED that appellants D.C. Good Time Credits Act claim be remanded for further consideration in light of *Jackson.*

*Id.* at 1–2.

■ This Court appointed counsel to represent the plaintiff, and held a status call on September 23, 1991. At this time, the Court was advised that the Act had been amended to award institutional good time credits to D.C.Code offenders housed in federal facilities outside of the District. The plaintiff has since been awarded these institutional good time credits. *See* Def.'s Mot. for Summary Judgment, Ex. A. Therefore that portion of the plaintiff's claim is now moot. However, the parties continue to dispute the plaintiff's entitlement to educational good time credits pursuant to D.C.Code § 24–429.

## II. *Analysis*

■ The defendants argue that there are a number of bars to the plaintiff asserting his claim in this forum. The Court is not persuaded by their argument that the claim is beyond the scope of the complaint (see note 1, *supra* ) or that the claim is beyond the scope of the remand. While the Court of Appeals only referred to D.C.Code § 24–428 in its mandate, the Court declines to interpret the mandate mechanistically. Section 24–429 is also a part of the Good Time Credits Act, and awards good time credits, which is what the plaintiff sought in his complaint, and is thus a part of this lawsuit.

■ Neither is the Court persuaded by the defendants' argument that the claim is barred because the plaintiff has not exhausted his administrative remedies with respect to this claim. In open court on September 23, 1991, the Bureau of Prisons stated unequivocally that the plaintiff would not be awarded any educational

cational good time credits as well as institutional good time credits, and that therefore, the claim as to educational good time credits should be dismissed. However, in the plaintiff's amended *pro se* complaint, he sought the restoration of "any and all extra good time" which he had been denied. Amended Compl. at 7. As a *pro se* plaintiff, he was entitled to relaxed plead-

ing requirements. The Court finds that this statement was sufficient to put the defendants on notice that the plaintiff sought all good time credits for which he was eligible under the entire Good Time Credits Act, whether under the institutional provision, D.C.Code § 24–428, or the educational provision, D.C.Code § 24–429.

good time credits. Based on this position, the Court finds that it would be futile for the plaintiff to attempt to exhaust his administrative remedies on this issue. *See Randolph–Sheppard Vendors v. Weinberg,* 795 F.2d 90, 105–6 (D.C.Cir.1986); *see also* Pl.'s Additional Materials filed December 30, 1991.

▐ The defendants raise another argument, however. They persuasively contend that since the plaintiff seeks a reduction in his sentence, *see* Pl.'s Motion for Summary Judgment at 2; Complaint at 7, his challenge is a proper subject-matter for a habeas corpus petition under 28 U.S.C. § 2241. *See Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that habeas corpus is the exclusive remedy for challenges to the fact or duration of confinement, specifically discussing a claim for good time credits). In this circuit, habeas corpus, if available, is a prisoner's exclusive remedy and preempts declaratory and injunctive relief. *Chatman–Bey v. Thornburgh,* 864 F.2d 804 (D.C.Cir.1988) (*en banc*). A district court may not entertain a habeas action unless it has personal jurisdiction over the prisoner's custodian. *Id.* at 810; *Guerra v. Meese,* 786 F.2d 414, 415 (D.C.Cir.1986). The custodian of a federal prisoner seeking release on parole is the warden of the prison where he is confined. *Chatman–Bey* at 810. In this instance, therefore, plaintiff's custodian is the warden of the facility in which he is housed in Ashland, Kentucky, who is not named in the complaint in this action. Therefore, the defendants argue, this claim must be dismissed.

▐ The plaintiff makes a valiant attempt to distinguish his case from the situation described above. First, he argues that the issue of jurisdiction is not before the Court, because jurisdiction to decide the good time credits issue is necessarily implied from the decision of the Court of Appeals. This argument misconstrues the law. For a lower court to be bound by law from a prior appeal, the disputed legal issue must actually have been decided, expressly or by necessary implication. *Gray Panthers v. Schweiker,* 716 F.2d 23, 38

(D.C.Cir.1983). Where an issue is not expressly decided by the appeals court, relitigation is only barred if the issue's resolution is so obvious that remand on the issue would be a waste of resources. *Maggard v. O'Connell,* 703 F.2d 1284, 1289–90 (D.C.Cir.1983). Here, the Court of Appeals did not expressly decide the issue of jurisdiction. Neither is the issue obvious, as the discussion of it here demonstrates. Therefore, consideration of the issue of jurisdiction is not precluded under the Court of Appeals' decision.

▐ Second, the plaintiff argues that this action is not, at bottom, a habeas action because it involves a claim for monetary damages. However, that is not the law of the case as it now stands. On August 14, 1990, this Court dismissed all claims for monetary damages against the federal defendants because "the United States [had] not expressly waived its right to be sued for any of the plaintiff's claims for monetary damages". Memorandum Opinion at 4. The Court of Appeals affirmed this decision. *Doughty,* App. No. 90–5276 at 1. While this holding only addresses the monetary damages claims against the Federal defendants, no claims against the D.C. defendants survive at this stage because the plaintiff failed to name them in his notice of appeal. *See* Motion for Appeal, filed August 27, 1990; *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). Since there remain no claims for monetary damages, the plaintiff's claim for good time credits and a determination that he is entitled to an immediate or speedier release can only be construed as a habeas petition. *See Preiser,* 411 U.S. at 500, 93 S.Ct. at 1841.

▐ The plaintiff asserts that because he is a D.C. Code offender, the holdings in *Chatman–Bey* and *Guerra* do not apply to him, maintaining that his custodian is the Attorney General rather than the warden of the Kentucky facility where he is incarcerated. This is a creative interpretation of the law, but the Court was unable to find any convincing authority to support it. Rather, the Court observes that the Court

of Appeals explicitly rejected a similar argument in *Guerra*, 786 F.2d. at 416. There, the Court of Appeals held that, in a challenge by a group of prisoners to the duration of their confinement because of the U.S. Parole Commission's calculation of parole eligibility, the U.S. Parole Commission was not the prisoners' custodian. Therefore, the D.C. District Court had no jurisdiction to hear the claim. The Court observed:

It is clear that the Parole Commission is responsible for the appellees' continued detention. Were the Commission to decide to change the prisoners' parole eligibility dates today, they might be freed. But this power does not make the Commission the prisoners' custodian in the sense of the habeas corpus statute. Appellees argue that because the Commission has the power to release them, the Commission is their custodian. But their argument extends to any person or entity possessing some sort of power to release them. Under appellees' theory, the Attorney General of the United States could be considered the custodian of every prisoner in federal custody because he supervises the Federal Bureau of Prisons ... We have specifically rejected this interpretation.

*Id.* (citations omitted). In *Chatman–Bey* this holding was reaffirmed: "it should be abundantly clear that habeas petitioners ... cannot properly bring suit against such officials as the Attorney General and such entities as the Parole Commission. Rather, the proper defendant in federal habeas cases is the warden." *Chatman–Bey* at 811.

The Court of Appeals has evidenced no inclination to carve out an exception to this principle for D.C. Code offenders, and in the absence of such an exception, this Court is not free to create one. The Court further notes that D.C. Code offenders incarcerated in other jurisdictions have been able to bring habeas petitions for good-time credits in the federal district courts where they are held, *see, e.g., Moss v. Clark*, 886 F.2d 686 (4th Cir.1989), while at least one other judge in this district has held that this Court lacks jurisdiction to consider the habeas petition of a D.C.Code offender held in a distant jurisdiction. *See Gilliard v. Barry*, 1989 WL 10612 (D.D.C.1989) (Penn, J.) (involving claim seeking good time credits).

A careful evaluation of the nature of this case and the existing law has lead the Court to conclude, reluctantly, that this case must be dismissed for lack of jurisdiction. The amended complaint does not name the plaintiff's custodian, the warden of the Federal Correctional Institution in Ashland, Kentucky, and even if it did, this Court would lack personal jurisdiction over that individual. However, the Court knows of no reason why it cannot urge the defendants to reconsider their regulation precluding D.C. Code offenders held outside of the District from being awarded educational good time, consistent with the recent statutory amendments awarding them institutional good time. But because, under the case law of this Circuit, this is not the proper forum for the resolution of plaintiff's claim, this Court can do no more.

In light of the foregoing, and pursuant to 28 U.S.C. § 1404(a), this case shall be transferred to the United States District Court for the Eastern District of Kentucky.

The Court profoundly appreciates the service and professionalism of Roxane N. Sokolove, Esq. and her able associate from the law firm of Akin, Gump, Hauer & Feld. In view of the Court's action herein, Ms. Sokolove is hereby discharged from her appointment to represent the plaintiff. The Court also thanks government counsel for his professionalism and help in resolving this matter.