Gregory OUTLAW, Petitioner,

v.

Kathryn HAWK–SAWYER et al., Respondents.

No. CIV.A. 03–0014(RMU).

United States District Court, District of Columbia.

May 28, 2004.

Jenifer Wicks, Washington, DC, for petitioner.

Daniel M. Cisin, U.S. Attorney's Office, Washington, DC, for defendant.

### MEMORANDUM OPINION

URBINA, District Judge.

#### TRANSFERRING THE ACTION TO THE EASTERN DISTRICT OF VIRGINIA

### I. INTRODUCTION

Petitioner Gregory Outlaw, a District of Columbia offender, currently is in custody at the Federal Correctional Complex ("FCC") of the Bureau of Prisons ("BOP") in Petersburg, Virginia. He filed a petition for a writ of habeas corpus under 28 U.S.C § 2241, naming as respondents the BOP director and the chairman of the U.S. Parole Commission ("the Commission"), who in turn move to transfer the case for lack of personal jurisdiction. Because the court lacks personal jurisdiction over the petitioner's custodian, the court transfers the action to the Eastern District of Virginia.

### II. BACKGROUND

In 1987, a judge of the Superior Court for the District of Columbia sentenced the petitioner for armed robbery, first-degree burglary, and other offenses. Pet. at 4 & Exs. 1–2. In 1996, after having served several years,[1] the petitioner eventually was released into the community subject to supervision through 2011. *Id.*

In December 2001, the petitioner was re-arrested and charged with aggravated assault. *Id.* at 4–5. Although the criminal case was dismissed, the Commission issued a parole violator's warrant for the petition-er, which the U.S. Marshals Service executed in January 2002. *Id.* at 5 & Ex. 3. One month later, a hearing examiner commenced a parole-revocation hearing, but continued the hearing until March 2002 after the victim's sister—an eyewitness to the alleged assault who identified the petitioner as the attacker—failed to appear. *Id.* at 5–6 & Ex. 4. At the March 2002 hearing, the sister appeared to recant her earlier identification, testifying that "during the course of the events [on the date of the assault] she heard the name Gregory Outlaw mentioned and went with that name as her brother's assailant." *Id.* Ex. 5 (paraphrasing the sister's testimony). The hearing examiner found that the sister's hearing testimony was not credible and credited her earlier identification of the petitioner. *Id.* at 6 & Ex. 5. Subsequently, the Commission revoked the petitioner's parole. *Id.* at 6 & Ex. 9. The petitioner then was transferred to BOP custody and incarcerated at FCC Petersburg.

Alleging that his custody violates his due-process rights and liberty interest, the petitioner filed his section 2241 petition in this court. *Id.* at 7. Specifically, he contends that the Commission

> should not be allowed to make a 'good cause' finding for not producing a witness when they essentially make no efforts to locate and subpoena the witness, have no good reasons to disregard his testimony, particularly given the circumstances of the case against [the petitioner]—where the criminal case has been dismissed and neither of the alleged eyewitnesses ... have produced sworn statements to enforcement authorities,

charges. *Id.* As a result, his parole was revoked in 1995. *Id.*

---

1. In 1992, the petitioner was paroled. Pet. Ex. 3. In 1994, however, he was re-arrested and apparently pled guilty to heroin-related

and the statement given to defense counsel is the only statement that [the victim] gave under oath, providing the identity of the true perpetrator [ ] and providing an explanation for why [the petitioner's] name got involved.

*Id.* In response, the respondents filed a motion to transfer, asserting that the petitioner may not bring his claim in the District of Columbia because this court lacks personal jurisdiction over the warden of FCC Petersburg. Mot. at 1. The court now turns to the motion to transfer.

### III. ANALYSIS

#### A. Legal Standard for Relief Under 28 U.S.C. § 2241

Prisoners may attack the manner of execution of a federal sentence pursuant to the federal habeas statute, 28 U.S.C. § 2241. *Chatman–Bey v. Thornburgh,* 864 F.2d 804, 809 (D.C.Cir.1988); *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir.1991) (citing *United States v. Hutchings,* 835 F.2d 185, 186 (8th Cir.1987)). "[T]he law in this circuit is clear that '[a] district court may not entertain a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner.' " *Chatman–Bey,* 864 F.2d at 810 (citing *Guerra v. Meese,* 786 F.2d 414, 415 (D.C.Cir.1986)); The custodian of the prisoner is the warden of the facility in which the prisoner is held. *Id.* at 811.

#### B. The Court Lacks Personal Jurisdiction Over the Petitioner's Custodian

As noted, the petitioner lists as respondents the BOP director and the chairman of the Commission. Pet. at 1. The respondents contend that because the petitioner is confined at FCC Petersburg, the court lacks personal jurisdiction over his custodian and thus should transfer the case to the Eastern District of Virginia. Mot. at 1–2.

The petitioner argues that the Commission may serve as the petitioner's custodian for purposes of the instant petition in light of the "unique situation" of District of Columbia offenders, whose parole falls within the Commission's jurisdiction. Pet'r's Opp'n at 2–3 (citing the 2000 transfer of District of Columbia criminal-justice functions to the federal government pursuant to D.C.Code § 24–101 *et seq.*). Specifically, the petitioner contends that the traditional rule requiring federal prisoners to file their petitions in the district of incarceration should not apply here because the petitioner is a District of Columbia offender and thus his petition does not raise concerns about "forum-shopping." *Id.* at 4–5.

Notwithstanding the admittedly unique circumstances of District of Columbia offenders, the court notes that "[the D.C. Circuit] has evidenced no inclination to carve out an exception to [the traditional rule] for D.C.Code offenders," and agrees that "in the absence of such an exception, the Court is not free to create one." *Doughty v. United States Bd. of Parole,* 782 F.Supp. 653, 657 (D.D.C.1992). Thus, courts addressing a petition filed by a District of Columbia offender incarcerated outside the District of Columbia have transferred the case to the district in which the petitioner is incarcerated. *Id.* (transferring a case filed by a District of Columbia offender incarcerated in a federal facility in Kentucky to the Eastern District of Kentucky); *Gilliard v. Barry,* 1989 WL 10612, at *1 (D.D.C. Jan.31, 1989) (transferring an action filed by a District of Columbia offender incarcerated in a federal facility in Pennsylvania to the Middle District of Pennsylvania); *see also Simmons v. Shearin,* 295 F.Supp.2d 599, (D.Md.2003) (dismissing the Commission from a case filed by a District of Columbia offender incarcerated in a federal facility

in Maryland on the grounds that the Commission was not the offender's custodian). Accordingly, because the court lacks personal jurisdiction over the warden of FCC Petersburg, the court transfers the case to the Eastern District of Virginia.[2] *Chatman–Bey,* 864 F.2d at 811; *Doughty,* 782 F.Supp. at 657.

## IV. CONCLUSION

For the foregoing reasons, the court transfers the action to the Eastern District of Virginia. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of May, 2004.

**2.** It is "perfectly proper for a court to resolve personal jurisdiction ... without having first determined subject matter jurisdiction." *Galvan v. Fed. Prison Indus., Inc.,* 199 F.3d 461, 463 (D.C.Cir.1999) (citing *Ruhrgas A.G. v. Marathon Oil Co.,* 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)); *see also* *Campbell v. Clinton,* 203 F.3d 19, 28 (D.C.Cir. 2000) (Randolph, J., concurring) (noting that "[w]hile we may be required to decide jurisdictional issues before disposing of a case on the merits, we are not required to decide jurisdictional questions in any particular order").